**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, as and for its Board of Trustees and the International Painters and Allied Trades Industry Pension Plan; and TERRY L. NELSON, in his official capacity as a fiduciary 7234 Parkway Drive Hanover, MD 21076 )))))))))))) | |
| Plaintiffs )) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| ABRASIVE BLASTING AND COATING, LLC 1227 Latta Street Chattanooga, TN 37406 ))))) | |
| M&M ACQUISITION CORP. 1227C Latta Street Chattanooga, TN 37406 ))))) | |
| MARCUS FULLER, in his individual capacity 1227C Latta Street Chattanooga, TN 37406 )))) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") as and for its Board of Trustees, and Terry L. Nelson ("Nelson"), in his official capacity as a fiduciary, by and through their undersigned counsel, bring this Complaint against Defendants, Abrasive Blasting and Coating, LLC ("Contributing Business") M&M Acquisition Corp. ("M&M") and Marcus Fuller ("Fuller", and together with Contributing Business and M&M, "Defendants").

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action without regard to the amount in controversy under 29 U.S.C. § 1451(c).

2.      A copy of this Complaint has been served, by certified mail, on the Pension Benefit Guaranty Corporation pursuant to 29 U.S.C. § 1451(g).

## VENUE

3.      Venue lies in this district pursuant to 29 U.S.C. § 1451(d), as the International Painters and Allied Trades Industry Pension Plan is administered from the Pension Plan's offices, maintained in this district at the address set forth in the caption.

## PARTIES

4.      The Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5). It sues in its common name both for its Trustees, who collectively are the "named fiduciary," "plan administrator," and "plan sponsor," and each individually are a "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), and for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan"). The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), (3), and 1301(a)(3). The Pension Fund, its Trustees and the Pension Plan all maintain their principal place of business at, and the Pension Plan is administered from, an office at the address set forth in the caption of this Complaint.  Copies of the operative documents for the Pension Fund are attached as Exhibit 1.  The Fund and its Trustees are adversely affected by the acts or omissions of Defendants as described in this Complaint.

5.      Plaintiff Nelson is the Administrator of the Pension Fund and a fiduciary and a plan participant within the meanings of 29 U.S.C. §§ 1002(21) and 1451(a), who is charged with

the responsibility for collection of withdrawal liability for the Pension Plan by the Trustees of the Pension Fund and, as such, is adversely affected by the acts or omissions of Defendants as described in this Complaint.

6.      Plaintiffs, in their capacity as authorized fiduciary(ies) and agent(s) of the Pension Plan, sue for and on its behalf.

7.      Contributing Business, a painting contractor, was a registered Tennessee limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

8.      Contributing Business had an obligation to contribute to the Pension Plan within the meaning of 29 U.S.C. § 1392(a).

9.      M&M is a registered Tennessee corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).  M&M was registered with the Tennessee Department of State ("TN-DOS") on November 13, 2008.

10.      According to filings with the TN-DOS, articles of dissolution were filed for Contributing Business on January 30, 2009 and Continuing Business was terminated as a registered entity by TN-DOS on April 3, 2009.

11.      On April 22, 2009, M&M registered "Abrasive Blasting and Coating", which was the name of the Contributing Business, with the TN-DOS as an assumed name.

12.      Based on Pension Fund receipts, M&M, doing business as Abrasive Blasting & Coating, continued to make contributions to the Pension Fund during 2009, 2010 and 2011, and ceased contributions in 2011.  Contributions made by M&M were recorded under the Contributing Business' account number with the Pension Fund.

13.     At all times relevant, both Contributing Business and M&M were controlled by Marcus Fuller ("Fuller").  Fuller is sued in his individual capacity to recover such assets and their proceeds for the Contributing Business and the benefit of Plaintiffs as creditors of the Contributing Business.

14.     M&M, doing business as Abrasive Blasting & Coating, operates in the same geographic area as Contributing Business, shared common ownership, operations, facilities, trade name, business purpose and, upon information and belief, also shared customers and management with Contributing Business.

15.     By virtue of Fuller's ownership, M&M was under "common control" with Contributing Business within the meaning of 29 U.S.C. § 1301(b), thus Contributing Business and M&M constitute a single employer as defined by 29 U.S.C. § 1301(b).  Alternatively, M&M is an alter ego of or a successor to Contributing Business for withdrawal liability purposes due to continuation of the Contributing Business' activities under the same trade name, ownership and location, or is liable due to disregard of a transaction per 29 U.S.C. §1392(c).

16.     The Pension Fund sent employer questionnaires to the Contributing Business and M&M on July 24, 2020 pursuant to 29 U.S.C. § 1399(a).  Neither Contributing Business nor M&M replied to the questionnaire.

17.     The Pension Fund determined that a withdrawal had occurred and demanded payment of withdrawal liability on March 5, 2021 in accordance with 29 U.S.C. §1382 ("Demand").  The Demand was sent to both Contributing Business and M&M.  A true and correct copy of the Demand is attached hereto as Exhibit 2.

18.     No payments for the withdrawal liability were received by the Fund.

19.     Neither Contributing Business, M&M nor any other member or representative of

the Defendants requested review of the Demand pursuant to 29 U.S.C. §1399(b)(2).

20.     Neither Contributing Business, M&M nor any other member or representative of the Defendants initiated arbitration of the determinations set forth in Demand in the time provided by 29 U.S.C. § 1401.

21.     As a result of the failure to timely request review and/or seek arbitration of the determinations set forth in the Notice in the appropriate time frames, the withdrawal liability payment demand and its arbitrable determinations are now final, and the liability is deemed to be established pursuant to 29 U.S.C. § 1401(b)(1).

22.     As a result of the failure to pay the defaulted withdrawal liability payments, the Contributing Business is liable for the full present value of the withdrawal liability assessed against it, as well as interest, liquidated damages and attorney fees in accordance with 29 C.F.R. Part 4219 and the Pension Plan's governing document.

23.     All conditions precedent to this action have been satisfied.

### COUNT I – COLLECTION OF WITHDRAWAL LIABILITY PAYMENTS FROM CONTRIBUTING BUSINESS

24.     Plaintiffs incorporate paragraphs 1 through 23 by reference as if fully restated herein.

25.     By the Demand attached as Exhibit 2, the Pension Fund informed Defendants of its determination that the Contributing Business had withdrawn from the Pension Plan within the meaning of 29 U.S.C. § 1383(a) or 29 U.S.C. § 1385, notified them of liability under 29 U.S.C. §§ 1381 and 1399, and demanded payment as provided by 29 U.S.C. §§ 1382 and 1399(b)(1).

26.     No Defendant has paid withdrawal liability as required by the Demand, the rules of the Pension Plan, and applicable law, including 29 U.S.C. § 1399.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Contributing Business in favor of Plaintiffs for the benefit of the Pension Fund for:

(a)     the withdrawal liability payments due and owing as of the date of this Complaint and additional withdrawal liability payments that become due during the pendency of this action before the date of a motion for default or summary judgment;

(b)     interest on the unpaid withdrawal liability payments at the rates established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B) and 26 U.S.C. § 6621 from the due date for payment to the date of actual payment;

(c)     liquidated damages equal to the greater of twenty percent (20%) of the unpaid liability as provided under the Pension Plan as to unpaid contributions and withdrawal liability or an amount equal to the interest under subparagraph (b) as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(C); and

(d)     the costs of this action and reasonable attorney's fees as provided in 29 U.S.C. §§ 1451(b), 1132(g)(2)(D) incurred in prosecution of this action and collection of any judgment.

(2)     Compel disclosure of any other trades or businesses under common control within the meaning of 29 U.S.C. §§ 1301(b), 1398, join any other trades or businesses in this action and award Plaintiffs the relief requested in Paragraphs (1) and (2) against them.

(3)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II – COLLECTION OF WITHDRAWAL LIABILITY
## PAYMENTS FROM ENTITY UNDER COMMON CONTROL

27.     Plaintiffs incorporate paragraphs 1 through 26 by reference as if fully stated herein.

28. Under ERISA, all trades or businesses under common control are treated as a single employer and are jointly and severally liable for any withdrawal liability. 29 U.S.C. § 1301(b).

29. Notice of withdrawal liability to one member of a controlled group is deemed to be a single employer under ERISA is notice to all members. *McDonald v. Centra*, 946 F.2d 1059, 1062 (4th Cir. 1991).

30. The information available to the Pension Fund indicates that Contributing Business and M&M were and are trades or businesses under common control, through ownership, direct or attributed, by Fuller. Accordingly, Contributing Business and M&M form a single employer within the meaning of 29 U.S.C. §1301(b). As such, M&M is jointly and severally liable for withdrawal liability with the Contributing Business.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against M&M and in favor of Plaintiffs for the benefit of the Pension Fund for:

(a) the withdrawal liability payments due and owing as of the date of this Complaint and all additional withdrawal liability payments that become due during the pendency of this action and before the date of any judgment against the Defendants and in favor of Plaintiffs for the benefit of the Pension Fund;

(b) interest on the withdrawal liability payments identified in subparagraph 1(a), set forth immediately above, at the rates established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B), and 26 U.S.C. § 6621, and calculated from the omitted payment due date to the date of actual payment;

(c) liquidated damages equal to the greater of twenty percent (20%) of the

withdrawal liability payments identified in subparagraph 1(a), set forth above, as applied under the Pension Plan to unpaid contributions and withdrawal liability, or an amount equal to the interest under subparagraph (b), immediately above, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(C); and

(d)      the costs of this action and reasonable attorney's fees incurred in prosecution of this action and collection of any judgment, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D) and

(2)      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – ALTER EGO OR SUCCESSOR LIABILITY

31.      Plaintiffs incorporate Paragraphs 1 through 30 by reference as if fully restated herein.

32.      As a controlling owner of both Contributing Business and M&M, Fuller is deemed to have knowledge of Contributing Business's withdrawal liability.

33.      Fuller created M&M prior to the dissolution of Contributing Business.

34.      M&M continues to operate as Abrasive Blasting and Coating in the same work jurisdiction as Contributing Business.

35.      M&M continues to operate from the same business address as Contributing Business.

36.      Contributing Business and M&M have or had at relevant times substantially identical management, business purpose, operations, customers, and ownership.

37.      Upon information and belief, M&M continued to make contributions to the Pension Fund for the account of Contributing Business for approximately two years after

Fuller dissolved Continuing Business as a legal entity.

38.     M&M operated and continues to operate in the same jurisdiction, under the same trade name, in the same location, with the same ownership as Contributing Business, and is therefore an "alter ego" of the Contributing Business and subject to withdrawal liability.

39.     Alternatively, M&M is subject to Contributing Business's withdrawal liability as a successor if (i) it had notice of the withdrawal liability, and (ii) there was substantial continuity of operations between Contributing Business and M&M.

40.     By virtue of common ownership, M&M is presumed to have knowledge of Contributing Business's union obligations and, therefore, its potential for withdrawal liability.

41.     Accordingly, either as an alter ego of Contributing Business or as a successor to Contributing Business, M&M is liable for the withdrawal liability of Contributing Business.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Declare that M&M is an alter ego of, or successor to Contributing Business under federal common law and is therefore liable to the Pension Fund for Contributing Business's unpaid withdrawal liability;

(2)     Enter judgment in favor of the Plaintiffs and against M&M in the amount of the withdrawal liability assessed against Contributing Business plus interest calculated in accordance with 26 U.S.C. § 6621 from the date Contributing Business defaulted on its payments to the date of judgment;

(3)     Award the Plaintiffs post-judgment interest under 28 U.S.C. § 1961; and

(4)     Enter judgment in favor of the Plaintiffs and against M&M for the attorneys' fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §§ 1401(d), 1145, 1132(g)(2);

(5)     Grant the Plaintiffs such other legal and equitable relief as shall be just and

proper.

## COUNT IV - EVADE OR AVOID LIABILITY

42.     Plaintiffs incorporate Paragraphs 1 through 41 by reference as if fully restated herein.

43.     Upon information and belief, the withdrawal liability owed to the Pension Fund was the principal outstanding liability of Contributing Business at the time of its dissolution.

44.     The effect of the dissolution left Contributing Business without assets or access to capital, and with no going concern value or operations from which to pay the withdrawal liability.

45.     Fuller formed M&M in an apparent attempt to break a claim of common control with Contributing Business and continue the business of Contributing Business with a continuing principal purpose to enjoy the fruits of the business while evading or avoiding the burden of withdrawal liability.

46.     Pursuant to ERISA Section 4212, 29 U.S.C. § 1392(c), if a principal purpose of a transaction is to evade or avoid withdrawal liability, the transaction may be disregarded for purposes of assessing and collecting withdrawal liability.

47.      The transactions to evade or avoid withdrawal liability should be disregarded with the result that Contributing Business and M&M are treated as single employer under 29 U.S.C. §1301(b) with joint and several liability for payment of withdrawal liability to the Pension Fund.

        **WHEREFORE**, Plaintiffs ask that the Court:

    (1)     Declare that a principal purpose of the transactions was to evade or avoid liability to the Pension Fund and, that withdrawal liability shall be determined and collected

without regard to the transaction or, alternatively or inconsistently, remand this claim to arbitration as and if required by law;

      (2)      Enter judgment after a declaration or arbitration award against Defendants, and any other organization under their control in possession of assets of the Defendants, jointly and severally, and in favor of Pension Fund as if any transactions with a principal purpose to evade or avoid withdrawal liability had not occurred as more fully described in Counts I, II and III, and

      (3)      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## <u>COUNT V - CONSTRUCTIVE TRUST</u>

48.      Plaintiffs incorporate by reference Paragraphs 1 through 47.

49.      Contributing Business has no apparent assets. Any net assets it had at time of dissolution will have passed to Fuller or M&M directly or by devolution under law.

50.      Fuller and M&M hold such assets received from Contributing Business in trust for creditors of Contributing Business, including the Pension Fund.

51.      The withdrawal liability due the Pension Fund has not been paid.

**WHEREFORE**, Plaintiffs ask that the Court:

      (1)      declare a constructive trust and enter judgment against Fuller and M&M and in favor of Pension Fund for the amount(s) they received together with interest, earnings and any profits it has made from the use of the property or the proceeds.

      (2)      Grant such other relief, legal or equitable as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

Date: <u>April 27, 2022</u>               /s/ <u>Michael DelTergo</u>
MICHAEL DELTERGO
Bar No. 22356
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0617
Fax: (215) 922-3524
*Attorney for Plaintiffs*